STATE OF LOUISIANA *v.* JOHN MULDOON.

The Supreme Court has jurisdiction, in criminal cases, of questions of law alone.
No appeal will lie from the refusal of the District Court to grant a continuance in a criminal case.

APPEAL from the First District Court of New Orleans, *Issac E. Morse,* Attorney General, for the State. *Roselius & Field,* for defendant.

VOORHIES, J. The defendant was tried for the crime of murder, convicted, and sentenced to imprisonment at hard labor in the State penitentiary for life.

When the case came up for trial, he applied for a continuance grounded on an affidavit stating that he could not safely go to trial without the testimony of *John Ganably,* one of his material witnesses, by whom he expected and believed he would be able to prove that he was in the company of said witness at the time of the alleged homicide of *Gemfils,* driving quietly and peaceably his dray along the plank road on the levee, when the deceased wantonly drove his dray against his, knocked him on the ground, and then attacked him; that in self-defence he used a small light whip, with which he was driving, and struck but one blow, and not with much force; that he had caused a subpoena to issue for said witness, with directions where he was to be found, which subpoena had been served; that said witness was absent without his consent, connivance, or procurement; and that he ex pected, and had no doubt, he would be able to procure his attendance, if allowed a reasonable delay.

The Court having rejected his application, he took the following bill of exceptions:

" Be it remembered that on the calling of this cause, a witness by the name of *John Ganably,* whose name had been furnished to the Clerk in due and proper time for the service of said subpoena. It also appeared from the return of the Sheriff to the subpoena that a copy had been left at the house of *Fergus O'Dowell* on Tchoupitoulas street, the place where said witness was employed as drayman, failed to attend, the defendant by his counsel caused an attachment to issue for said witness. The officer charged with the execution of said attachment went to the house of said *O'Dowell,* when he heard that said witness was employed at said house, was there on yesterday, and also this morning, and had left for the purpose as they supposed of attending Court. Whereupon the defendant by his counsel moved the Court for a continuance predicated upon the affidavit of the defendant herewith filed and marked A and made a part of this bill of exceptions, which motion the Court overruled and required the defendant to proceed to trial without the attendance of said witness, &c."

The only question presented in this case is, whether a refusal to grant a continuance can be the subject of revision by us on appeal.

The jurisdiction conferred on this Court by the Constitution in criminal cases, is confined to questions of law alone. Under the Constitution of 1845, the same restriction existed in regard to the jurisdiction of the Supreme Court. In the case of *The State* v. *Hunt,* 4 Ann. 438, the question arose as to the jurisdiction of the Court to review a refusal to grant a new trial, on the application of the defendant, based on his affidavit, that he had discovered since the trial two witnesses by whose testimony he would establish an *alibi.* The question was discussed with great ability and determined in the negative, the Court remarking: "It seems to us to be clear, that the Constitution, in limiting the jurisdiction of this Court, in criminal cases, to questions of law alone, by its

terms excluded all cognizance of questions of fact. The Supreme Court of the United States, in construing its common law jurisdiction, under the Constitution, and the judiciary act of 1789—a jurisdiction by no means restricted as much as ours—has determined, by a series of decisions, what points are open for examination under a writ of error; and those decisions have all been made in conformity with what were understood to be the rules and principles of the common law. By the 22d section of the judiciary act, it is provided, that on a writ of error to the Supreme Court, there shall be no reversal for error in fact. That Court has always held, that error does not lie on the refusal of the Court below to grant a new trial. Although that Court takes no cognizance of criminal cases, except in a division of opinion of the Judges of the Court below, the decisions in civil cases appear to us conclusive of the principle. In the case of *Barr* v. *Grantz*, Judge Story remarked that the proposition was too plain for argument. Nor does error lie, on the refusal of the Court below to continue a cause after it is at issue. If this Court cannot examine a question of fact in criminal cases, it cannot review the acts of a Judge of the first instance resting in his discretion. In the present case, the Judge did not believe the affidavit of the prisoner, that he could prove an *alibi*. He sat on the trial of the cause, he heard the witnesses, and had an opportunity of forming an opinion of the whole affair, with its attendant circumstances; and, we think, the Constitution has provided wisely in leaving these matters in the discretion of the magistrate, who has the best means of thoroughly understanding them. If the facts attempted to be proved by the affidavit of the prisoner, *were to be confessed in Court by the Attorney General, a different case would be presented;* and cases have occurred, in which the Courts have acted upon the confession of the Attorney General, on writs of errors of facts. In this case, nothing is conceded: and a question of fact, which we are not permitted to determine, is an insuperable obstacle to the exercise of our jurisdiction, which is confined to questions of law alone."

In the case of the *State* v. *Bradley*, Judge Preston, in delivering the opinion of the Court, said: "But the rules of law which apply and should govern this case, are, that in order to obtain a continuance, it must be shown that the witness is really material, and that the party who claims the continuance has been guilty of no neglect in endeavoring to obtain the testimony of the absent witnesses, according to the rules of law and the practice of our Courts of criminal jurisdiction." 6 Ann. 554. Thus intimating, it would seem, that the Court had a supervisory jurisdiction over the subject-matter of continuances. But in concurring in his conclusions, the other Judges expressly declared, that under the decision of the Court, in the case of the *State* v. *Hunt*, 4 Ann. 438, and in the case of the *State* v. *Lintell*, recently decided, they thought they were not called upon to express any opinion upon which the matters of fact upon which the Judge exercised his discretionary power in refusing to continue the case when called for trial; and after the verdict, to grant the prisoner a new trial.

In the case of the *State* v. *Brette*, 6 Ann. 653, Judge Preston again held out the same intimation as that expressed in the case of *Bradley* in relation to continuances, but qualified it in the close of his opinion by saying: "The District Court, however, was of opinion that the affidavit did not show due diligence to procure the attendance of the witness, and it has become the settled jurisprudence of this Court, that, on appeals, we cannot revise decisions involving questions of fact."

In the separate opinion delivered by Chief Justice Eustis in that case, in which he reviews all the former decisions of the Court touching its appellate jurisdiction in criminal matters, he says: "My opinion is, that on the trial for murder, the District Judge was wrong in ruling the prisoner to trial, on the ground stated in the bill of exceptions, and, in so doing, committed an error of law. And my impression, when the opinion of the Court was prepared, was, that if the jury had found the accused guilty of murder, it would have been our duty to have set aside the verdict, on account of the error of law. The impression I still retain, though there are difficulties in giving the accused the benefit of this question, which embarrasses its application in the administration of criminal justice, under the powers of this Court and the Courts of the first instance. In giving a prisoner the benefit of all questions of law erroneously decided against him in the Courts of the first instance, care is necessary, in order not to encroach upon the discretionary powers which the Judges of the District Court hold, and must exercise in the delicate and responsible cases of applications for continuances and new trials, over which this Court has no supervision, except in determining the questions of law alone, submitted to them by bill of exception or an assignment of error."

According to the doctrine laid down by the Supreme Court of the United States, in a series of decisions, it is clear that a writ of error will not lie in cases which depend upon the discretion of the Court below. It is obvious that the revision of such cases must necessarily involve questions of fact. But it has been strenuously urged by the defendant's counsel, that an acknowledged state of facts can only give rise to questions of law. If the facts attempted to be proved by the affidavit were confessed in Court by the Attorney General, the proposition would undoubtedly be undeniable; but there is no such concession, and it is manifest that the Judge *a quo* did not believe the affidavit of the prisoner.

In the case of the *Marine Insurance Company of Alexandria* v. *Hodgson*, 6 Cranch's R. 217, in adverting to the refusal of the inferior Court to receive an additional plea, a matter depending upon its discretion, Judge Livingston said: "This Court does not think that the refusal of an inferior Court to receive an additional plea, or to amend one already filed, can ever be assigned as error. This depends so much on the discretion of the Court below, which must be regulated more by the particular circumstances of every case, than by any precise and known rule of law, and of which the Superior Court can never become fully possessed, that there would be more danger of injury in revising matters of this kind, than what might result now and then from an arbitrary or improper exercise of this discretion. It may be very hard not to grant a new trial, or not to continue a cause, but in neither case can the party be relieved by a writ of error."

In the case of *Woods & Bemis* v. *Young*, 4 Cranch's R. 236, the question presented was on a bill of exceptions taken by the plaintiffs to the refusal of the inferior Court to continue the cause upon their motion, grounded on an affidavit stating the absence of a witness, the material facts they expected to prove by him, and the diligence used to procure his testimony. The Court said:— "The question is, whether a refusal to continue a cause can be assigned for error. The impression of the Court is, that it cannot. Has the party, by law, a right to a continuance in any case? If he has it will have weight. Is it not merely a matter of favor and discretion? This is a case in which this Court

cannot look into the merits of the question, whether the Court below ought to have granted a continuance of the cause."

In the case of *Young* v. *Black*, 7 Cranch's R. 569, the same doctrine is reiterated.

After a careful consideration of the subject, we think we are precluded, under the Constitution, from taking cognizance of the merits of the question presented in this case.

It is therefore ordered, adjudged and decreed that the appeal be dismissed at the defendant's cost.

SLIDELL, C. J. This Court having jurisdiction, in criminal cases, of questions of law alone, I understand this Court to be incompetent to disturb the ruling of an inferior Court in a criminal case on a question of facts. Now in the present case, the right of the prisoner depended, among other considerations, upon these :—whether his affidavit was true or false ; whether he had used diligence to obtain the attendance of the witness; whether the witness was absent by his connivance or procurement, &c. Now, for aught that appears to the contrary in the bill of exceptions, the District Judge may have disbelieved the affidavit, and been satisfied that the application was made for the mere purpose of delay or evasion of justice.

I am not prepared to say that no case, for refusal of a continuance, could come before this Court in such a form as to meet our jurisdiction. It is not now necessary to carry the enquiry to that extent. I take this case as it is—a case in which the Judge has refused the continuance in general terms, and in which the refusal may have been based on considerations of fact.